SEPT. TERM,
1838.

Beatty
v.
Anderson.

5    447
95a  448

BEATTY v. ANDERSON.

A note v herein the obligor promises "to pay R. M. or order two hundred dollars, with interest," &c. is not a negotiable note within the meaning of the 6th section of the act concerning bonds and notes, (Rev. Code, 104,) and consequently suit cannot be brought on such a note in the name of the bearer, where there is no assignment.

*English*, counsel for plaintiff in error:

The point which presents itself is, that it does not appear from the record that Beatty, the plaintiff, is the legal owner of the note sued upon. The objection is, that the name of Beatty does not appear in the note, and there is no assignment averred in the petition. The court will perceive that the note is payable to Mitchell, or bearer. It is a well established doctrine that notes payable to bearer are transferable by delivery, and that the individual named in the note as payee, is a mere cypher— 1 Wh. Selw. N. P. p. 286; 4 Bac. Abr. 703–4; Chit. Bills, 251–2, 178; 3 Kent's Com. 78. Being transferable by delivery, the legal title is thereby vested in the holder or bearer, and he is in law regarded as the original payee, and can sue in his own name—2 Bla. Com. 469; Chit. Bills, 251, note t; Swift, do. 309; 3 Kent's Com. 78; Ballard v. Bell, 1 Mason's Rep. 252, cited in Chit. on Bills, 181, and 1 Selw. N. P. 292; Grant v. Vaughan, 3 Burr. 1516.

It being established then that by the common law the holder of a note, payable to bearer, is the legal owner of the note; and the statute under which this suit is brought, providing that the legal owner of a note may sue by petition in debt, we ask that the judgment of the circuit court be reversed.

SEPT. TERM,
1838.

Beatty
v.
Anderson.

McGirk, Judge, delivered the opinion of the court.

Beatty brought an action of debt by petition and summons in the Pettis circuit court. The defendant had judgment on demurrer to the plaintiff's petition.

The petition is in the usual form, and states that Beatty, the plaintiff, is the legal owner of a note against the defendant, to the following effect, to wit: "On or before the first day of November, 1838, I promise to pay Robert Mitchell, or bearer, two hundred and eighty-two dollars and twenty-eight cents, with ten per cent. interest there on from the date till paid. Oct. 26, 1834. (Signed,) John Anderson."

Beatty, the plaintiff in error, appeared and assgned errors, and the defendant came not. The plaintiff in error insists that there can be no objection to his legal right to recover, and that although the note was made to Robert Mitchell, yet that the note being made to Mitchell or bearer, enables the plaintiff, as bearer, to sue in his own name without any assignment to him.

Mr. English, for the plaintiff, rests his case on this position: that notes payable to bearer are transferable by delivery without any assignment, and that the name of the payee is to be considered as a mere cypher. To sustain this doctrine, he cites 1 Wh. Selw. N. P. 286; 4 Bac. Abr. 703-4; Chit. on Bills, 251-2, 178; 3 Kent, 78. I am well satisfied that the authorities will support the position.

_A note wherein the obligor promises "to pay R. M. or order, two hundred dollars, with interest," &c. is not a negotiable note within the meaning of the 6th section of the act concerning bonds and notes, (Rev. Code, 104,) and consequently suit cannot be brought on such a note in the name of the bearer, where there is no assignment._

But still it seems to me there is some mistake on the part of the plaintiff's counsel regarding the right of the party to recover; which mistake is this, that his doctrine only applies to negotiable notes made so by statute or by the law merchant, and that the rule does not apply to notes merely made assignable by statute. It appears to me that this note is only assignable. This note is only a common promissory note at common law, and by our statute of assignments may pass to the assignee, but in declaring, the assignee must set out his title. With a view to make this matter more clear, I will examine the statute of assignments—see Rev. Code, 104.

The first section provides "that all notes in writing, made and signed by any person or his agent, whereby he shall promise to pay to any other person, or to his order, or unto bearer, any sum of money or property, &c. such note shall import a consideration, and be paid accordingly as therein specified." The next section authorizes the assignment, and the fifth section declares that no

assignee shall ever acquire any greater title to a note than the person had of whom he obtained it. Thus far I regard the statute regulating notes that are not negotiable as mercantile paper, but that may pass by assignment. The statute then declares what paper shall be negotiable, and may pass by delivery merely, or by endorsement.

The sixth section declares that " every promissory note for the payment of money, expressed on the face thereof to be for value received, negotiable and payable without defalcation, shall be due and payable as therein expressed, and shall have the same effect and be negotiable in the like manner as in-land bills of exchange."

Then the seventh section provides that " the payees and endorsers of every negotiable note payable to them or order, and the holder of every such note payable to bearer, may maintain actions for the sums of money therein mentioned, against the makers, &c. as in cases of in-land bills of exchange, and not otherwise." This note, then, is not an assigned note, nor is it a negotiable note under the sixth section, which, when made to A. or bearer, would enable the holder, as bearer, to sue in his own name. But it may, and indeed, by some has been thought to be good under the first section, which says that "a note made and signed by any person whereby he shall promise to pay money to any other person, or his order, or bearer, shall import a consideration, and be due and payable as therein specified." To be due and payable as therein specified is, in my opinion, nothing more than a continuation of the idea that there shall be no question made on such note about the consideration; were it otherwise, such note would in some respects be negotiable, and in other respects not so.   With regard to passing by delivery, it would be negotiable; but with regard to the remedy against the maker and previous holder, it would not be like negotiable paper.  For this reason, as I suppose, the legislature did not intend to create this mongrel paper.  I restrain the words " shall be due and payable, as therein specified" to the mere question of the consideration, and I think the words do not intend in any way to designate who can sue.  This opinion is farther supported by the fact that, by the same statute, the legislature have expressly defined what shall be negotiable paper and what shall be assignable.  This general enactment, in the first clause, is only intended to put to rest the once vexed question in England, and formerly vexed question in Missouri, as to whether a promissory note, signed by the party making the same, did or did not import a considera-

tion.  My opinion then is, that the judgment of the cir-
cuit court ought to be affirmed, and the other judges con-
curring, it is affirmed.