A. USTIN & HAINES Pl'ffs in error v BLUE Def't. in error.

To make a note "*negotiable*," within the meaning of the 6th section of the act concerning bonds and notes, (R. C 1835, p. 104,) it must contain the words "for value received, *negotiable and payable* without defalcation." It is not sufficient that it contain the words "for value received, without defalcation."

Error to Marion County.

*U. Wright for Pl'ffs in Error.*

1st. The instrument sued on is not a negotiable note, under our law, for lack of the words *negotiable and payable.*

2nd. If it be a negotiable instrument, then the defendants could not be made liable in the summary mode of declaring by petition in debt, but only as in the case of a bill of exchange.

3rd. If the note declared on be negotiable, still the defence set up in the 3rd and remaining pleas is *prima facia* valid, and it was the duty of the assignee to reply that he was the innocent holder or purchaser in the fair course of trade. If he wished to avoid the legal effect of the ground set up in the defence. R. Code 1835 p. 105.

JUNE TERM
1840.

Austin and
Hains
vs.
Carter.

*T. L. Anderson for Def't.*

1st. The instrument sued on, contain all the requisites of the statute of this state, to place it on a footing with an inland bill of exchange, see 1 vol. sta. Mo. p. 105, sect. 6 and 7 under the head of bonds and notes.

2nd. The pleas are bad: Byles on bills, p. 40, 52, (2. Ed.) Chitty on bills, p 100, h., 100, m. Chitty on bills, th American edition p. 90.

*Opinion of the Court delivered by Tompkins Judge.*

Blue sued Austin and Haines by Petition in debt, on the following note: Oct. 15, 1836. Twenty four months after date, we promise to pay William Muldrow or order seven hundred dollars for value received without defalcation, John W. Austin Sidney P. Haines.

This note was assigned to plaintiff. The defendants plead 1st, nil debit. 2nd, no assignment. 3rd. fraud in obtaining the note, by the assignor. 4th, a special plea of fraud. 5th. Total failure of consideration, and 6th, no consideration. The plaintiff took issue on the first and second pleas, and demurred to the remainder, and the demurrer was sustained by the court. The issues were found for plaintiff and he had judgment. The only question before this court arises on the demurrer. If the note sued on be not a negotiable note, within the meaning of the 6th section of our statute, the demurrer was improperly sustained. In the act concerning bonds and notes, found at page 104, of the digest of 1835, the legislature have defined, what shall, in Missouri, be negotiable paper; in the 6th section of that act, they say, that every promissory note for the payment of money, expressed on the face thereof to be for "value received" negotiable and payable "without defalcation," shall be due and payable as therein expressed, and shall have the same effect, and be neggotiable in like manner, as in inland bills of exchange. It is to be remarked that the words "or order," are not to be found in this section. By the law merchant those words, or others equivalent, are necessary to make promissory notes negotiable.

The words, negotiable and payable without defalcation, inform the holder, notwithstanding the maker may

*To make a note "negotiable," within the meaning of the 6th sec. of the act concerning bonds and notes, (R. C. 1833, p 104,) it must contain the words "or a lue received, negotiable and payable without defalcation" It is not sufficient*

have paid the payee, as in cases of inland bills of exchange. This note then not being negotiable under our act, the maker has the same defence against the holder which he could have had against the payee. The circuit court then committed error in sustaining the demurrer to the pleas of the defendant, and its judgment is therefore reversed. words "for value received, without defalcation."

JUNE TERM
1840.

Austin and
Haines
vs.
Blue.
that it contain the

6 267
100 400
6 267
39a 407
6 267
46a 590

