PERRY A. BAILEY, Defendant in Error, *vs.* JAMES F. SMOCK, Plaintiff in Error.

| 61 | 213 |
| 36a | 221 |
| 61 | 213 |
| 44a | 196 |
| 61 | 213 |
| 71a | 230 |

1. *Land and Land titles—Land purchased through false representations—Relief, what afforded in equity—Proof, what required.*—Fraudulent misrepresentations in respect to the title to land will entitle the aggrieved party to relief, where the misrepresentation is concerning something unknown to the party injured and he has been induced to act, or abstain from examination, from some special confidence reposed in the other party, as, *e. g.* where the vendor prevents the vendee from making an examination of the records by assurances that the title is perfectly good and the property is free from incumbrances; and upon the faith of such assurances and representations, the vendee abstains from making the proper examination. But, in such cases, the court should be satisfied by the clearest evidence of the fraudulent misrepresentations, and that the contract was founded on them.

2. *Vendor's Lien, note will sustain action for, when.*—Where it appears on the face of a note that it was given in consideration of the purchase of land, an assignee of the paper may maintain a vendor's lien upon it.

3. *Bills and notes, in which words "value received" are omitted, non-negotiable.*—It is only by force of the statute that promissory notes are invested with the character of negotiability, and to render them so the precise words prescribed by the statute must be inserted, and other expressions will not answer: Hence, under the present statute, (Wagn. Stat., 216, § 15) a note, in which the words "for value received" are omitted, is not a negotiable note.

4. *Non-negotiable note—Suit by assignee of—Time of bringing—Excuses for delay, what sufficient.*—The general rule is, that to make the assignor of a non-negotiable promissory note liable, suit must be brought at the first term of the court, after maturity, unless some reason be shown for not doing so; as where the assignor was insolvent, and the purpose of the action on the note was to subject certain land to its payment, by foreclosure of a lien, and of two courts having jurisdiction of the case, by proceeding in the one whose next term commenced the latest, final judgment and sale, foreclosing the lien, could be secured the most expeditiously. In such case the assignee was held to have used the proper measure of diligence.

5. *Execution sale—Promise of plaintiff to inform defendant of time of—Effect of non-fulfillment.*—When plaintiff and defendant in an execution both reside in the same county, the failure of the former to fulfill a promise made to the latter, to notify him of the time of the sale, will not affect its validity. Such a promise is a mere gratuity, supported by no consideration.

*Appeal from Saline Circuit Court.*

*S. S. Boyd,* for Plaintiff in Error.

I. Defendant's statements as to the title were mere opinions, not statements on which plaintiff had reason to rely. And

defendant made no attempt to prevent his examining the records. They were easily accessible, and the failure to examine them was his own negligence. (See Hodges vs. Torrey, 28 Mo., 99 ; Bryan vs. Hitchcock, 43 Mo., 529 ; Holland vs. Anderson, 38 Mo., 55 ; Langsdon vs. Green, 49 Mo., 363.)

The duty of defendant in error, when he ascertained that other liens were upon the land, was to surrender the note to plaintiff in error, and demand of him what was due upon it, and his costs, and thus give plaintiff an opportunity to protect himself. This he does not do, but proceeds to sell and to buy at a sacrifice and afterwards re-sell at full or nearly full value to third persons, and then complains of the fraud. This equity will not assist or permit. (See Lawrence vs. Dale,.3 Johns. Ch., 23 ; also s. p. 24 ; Bryan vs. Hitchcock, 43 Mo. 529.)

II. Any words expressing the fact that the note is for value received, or for a valuable consideration are sufficient. (Pars. Notes and Bills, 194, note "*u.*")

The diligence here required was in obtaining judgment against the maker of the note and not against the land securing it, and that shown was not sufficient. (O'Fallon vs. Kerr, 10 Mo., 553 ; Stone vs. Corbett, 20 Mo., 350 ; Collier vs. Riley, 3 Mo., 203.)

*J. P. Strother*, for Defendant in Error.

I. Under the statute, (Wagn. Stat., 216, § 15) the note was not negotiable, not containing the words "for value received." (Beatty vs. Anderson, 5 Mo., 448 ; Austin vs. McDonald, 6 Mo., 265 ; Pocoke vs. Blount, 6 Mo.. 338.)

II. Smock's representation to Bailey, when he sold the note, that the land was free from encumbrance, practically operated a fraud on Bailey, and even if the note had been negotiable, would dispense with the necessity of protest and notice. (1 Pars. Bills and Notes, p. 582.)

III. It was only necessary for Bailey, as assignee, to use that diligence that a prudent man would exercise in regard to his own affairs, in order to bind Smock. (Jacobs vs. McDonald,

8 Mo., 565.) This Bailey did, for Magoffin having nothing but the land, Bailey brought suit to the first term of that court, in which he could soonest find judgment *in rem* against the land.

The rule requiring suit to be brought to first term of court having jurisdiction, does not apply where there is a reasonable excuse for not so doing. (O'Fallon vs. Kerr, 10 Mo., 553; Collier vs. Warburton, 3 Mo., 203; Stone vs. Corbett, 20 Mo., 350.)

WAGNER, Judge, delivered the opinion of the court.

From the record it appears that Smock, the defendant, sold to one Magoffin, a tract of land, and for part of the purchase money took his note, which is the note here sued on. The note is in words and figures as follows: "$1,716.60. On or before the 5th day of March, eighteen hundred and seventy (1870), I promise to pay to James F. Smock or order, seventeen hundred and sixteen dollars and sixty cents, being the last payment on one hundred and twenty-five-eighth-hundreths acres of land purchased by me of said J. F. Smock, all in Saline county, Mo. A title bond executed for a deed and held by J. P. Strother, at Marshall, Mo. This note to bear interest at the rate of 10 per cent. per annum from March 5th eighteen hundred and sixty-nine, (1869)." (Signed.) "E. Magoffin."

On the 23d of October, 1869, Smock sold and transferred the note to the plaintiff Bailey, and the petition alleges that he falsely and fraudulently represented at the time, that the note was secured by the land, and that there was no use in examining the records; assuring Bailey that the land was not encumbered and was worth double the amount of the note, and that Bailey relied on these assurances and purchased the note and paid the money on it without making any examination of the title. Smock, in his answer, and in his testimony, denied the fraudulent representation, but admitted that his statement was not true, as there was a prior encumbrance which he says he erroneously supposed was paid off.

The incumbrance consisted of a deed of trust for $1,462, dated August 3d, 1868, bearing ten per cent. interest, which Smock had made on the land previous to his sale to Magoffin, and which Bailey subsequently paid off in order to secure a good title. The note was due on the 5th day of March, 1870, and at that time there were two courts in Saline county having jurisdiction of the case. The circuit court was held in April, and the common pleas court was held in June. There were but two terms a year of the circuit court, and there were four terms of the common pleas. The second term of the common pleas court was in the next succeeding September, and the second term of the circuit court was not till November. It sufficiently appears from the record that Magoffin, the maker of the note, was insolvent, and nothing could be made except from the land.

Bailey therefore brought his suit to foreclose a vendor's lien, returnable to the June term of the common pleas court, and obtained a final judgment at the September term, and sold the land at the December term then next. At the sale he became the purchaser, and after satisfying the prior lien by which he acquired a good title, he sold the same.

As the land did not bring enough to satisfy the note, this suit was brought against Smock for the balance on the assignment.

The main features of the defense were, that there was no false or fraudulent representation respecting the title when the note was sold to the plaintiff; that the note was negotiable and had not been protested, in consequence of which defendant was discharged; that the plaintiff did not use due diligence in prosecuting his action, and that before sale of the land took place, defendant requested plaintiff to send him word and inform him of the day on which the sale would be had, and he would attend and make the land bring enough to satisfy all the indebtedness, but that defendant failed to give the information and the land was sold at a sacrifice. Upon this last point the evidence was conflicting, but with that we have nothing to do.

For the plaintiff the court declared the law to be, that if the defendant at the time of the sale of the note to the plaintiff falsely induced the plaintiff to believe that there were no encumbrances on the land, and that it was worth far more than the debt, and the plaintiff believed the same and rested feeling secure until after the note was due and suit brought against Magoffin, then there should be a finding for the plaintiff. A further declaration was given, that the note was not negotiable and no protest was necessary.

For the defendant the court declared that if the evidence showed that the note sued on was a negotiable note, endorsed by the defendant before maturity to plaintiff, and that the note was not protested for non-payment at maturity, or defendant was not notified of protest, then the finding should be for the defendant, unless the failure to protest was occasioned by a false and fraudulent representation made by defendant, and plaintiff was induced thereby to neglect suchprotest.

An instruction was refused, that if after judgment on the note, plaintiff agreed or promised to send defendant word as to the time and place of sale of the land, under an assurance that defendant would make the land bring plaintiff's debt, and plaintiff failed to give such notice and defendant had no knowledge of the time when the sale would take place, then the verdict should be for defendant.

There was a verdict and judgment for plaintiff.

In reference to the first instruction for the plaintiff, the principle is unquestionably established that fraudulent representations in respect to the title of land, will entitle the aggrieved party to relief; but the misrepresentations must be concerning something unknown to the party injured, who has been induced to act or abstain from examination from some special confidence reposed in the other party, as in this case, where the vendor prevents the vendee from making an examination of the records in regard to the title by assurances that the title is perfectly good and the property is free from encumbrances, and upon the faith of such assurances and representations the vendee abstains from making the proper examination.

But in such cases the court should be satisfied by the clearest evidence of the fraudulent representations, and that they were made under such circumstances as show that the contract was founded upon them. (Holland vs. Anderson, 38 Mo., 55 ; Langdon vs. Green, 49 Mo., 363 ; Wannell vs. Kem, 57 Mo., 478 ; 1 Sto. Eq. Jur., § 200.) If, therefore, the defendant falsely induced the plaintiff to believe that there was no incumbrance on the land, and that it was worth more than the note, and the plaintiff in consequence was lulled into security and rested in full confidence that the representations were true, we see no objections to his recovering for the injury.

The note in this case is made payable to James F. Smock or order, and purports to be in consideration of a purchase of land. The statute relating to bills of exchange and negotiable promissory notes provides that "every promissory note for the payment to the payee therein named or order or bearer, and expressed to be for value received, shall be due and payable as therein expressed, and shall have the same effect and be negotiable in like manner as inland bills of exchange." (Wagn. Stat., 216, § 15.) It is only by force of the statute that promissory notes are invested with the character of negotiability and to render them so the words used by the statute must be inserted. Under the statute as it existed previous to the last revision, it was declared that "Every promissory note for the payment of money expressed on the face thereof to be for value received, negotiable and payable without defalcation," should have the same effect and be negotiable in like manner as inland bills of exchange. Under this statute it was held that a note wherein the obligor promised to pay the obligee or order two hundred dollars with interest, etc., was not a negotiable note within the meaning of the statute. (Beatty vs. Anderson, 5 Mo., 447.)

So it was decided that to make a note negotiable within the meaning of the act, it was necessary that it should contain the words, "for value received, negotiable and payable without defalcation," and that it was not sufficient where it con-

tained the words, "for value received without defalcation."
(Austin vs. Blue, 6 Mo., 265.)  A note for the payment of
money expressed to be for value received, payable to order or
bearer is a negotiable instrument within the statute, but the
words of the statute must be used, and other expressions will
not answer.  The note here shows that it was given in consid-
eration of the purchase of land, and would enable the assignee
to maintain a vendor's lien upon it, but the words "for value
received," a part of statutory requirement to impart negotia-
bility, are totally omitted.  The court then was clearly right
in holding that it was not a negotiable note, and no protest
was necessary.

We come now to consider whether the plaintiff as assignee
used the necessary diligence to enable him to pursue his rem-
edy against the defendant, his assignor, when he failed to
make the money from Magoffin.

The general rule is that, to make the assignor liable, suit
must be instituted at the first term after maturity, or there
must be some excuse shown for not doing so.  (O'Fallon vs.
Kerr, 10 Mo., 553; Stone vs. Corbett, 29 Mo., 350.)  In Ja-
cobs vs. McDonald (8 Mo., 565), Scott, Judge, in delivering
the opinion of the court, said : "When a note is assigned, the
assignee takes the place of the assignor, and he is required to
use that diligence that a prudent man would use to collect
the debt, had it been his own ; and he will not be permitted
to let the knowledge of the fact that he has a recourse against
the assignor relax his exertions to obtain payment.  He is
required to act precisely as a prudent man would act, who
had no recourse against another in the event of losing his
debt.  What his conduct should be must be determined from
the circumstances of each case.  It is the duty of the assignee
to institute a suit against the maker as promptly as he may
prosecute it with due diligence."  Was the diligence thus in-
dicated pursued in the present case ?

Although the circuit court was the first court holding a
session at which suit could be brought, still judgment was
obtained and sale had quicker by taking the course the plain-

Bailey v. Smock.

tiff adopted. Had the proceedings been instituted at the April term of the circuit court, no final judgment foreclosing the lien could have been taken till the November term, and a sale could not have been reached till the next April term. But by bringing suit in the common pleas at the June term, a final judgment was rendered at the September term, and the land was sold in December following, thus showing the greatest diligence available in plaintiff's power. Would not a prudent man desirous of speedily pushing the matter to a final termination have pursued the same course? In no other manner could the sought for end have been so promptly accomplished. In addition to this, the case does not present the features generally requiring the greatest promptitude in instituting suits. Magoffin's insolvency rendered a mere personal judgment against him fruitless. The only effectual proceeding was against the land, and under the circumstances the defendant could not complain. It is enough, however, to say that the plaintiff used all the diligence that was necessary, and in fact the greatest diligence that was attainable.

The first instruction given for the defendant was wrong because it submitted a question of law to the jury, but the defendant is not here complaining of his own instructions.

The only other point to be noticed is whether there was error in refusing to instruct as requested by the defendant in reference to the alleged agreement or promise that plaintiff would inform defendant when the sale took place, and we are of the opinion that there was not. Both parties resided in the same county and it was the defendant's business to inform himself in regard to the matter. But the promise, if made, was a mere gratuity, and was supported by no consideration. Wherefore, upon the whole case, the judgment should be affirmed. The other judges concur.