| 12 | 345 |
|----|-----|
| 36 | 223 |
| 12 | 345 |
| 139m | 655 |

</div>

---

JAMES CLARK, Plaintiff in Error, v. TIMOTHY B. EDGAR
ET AL., Defendants in Error.

June 6, 1882.

1. A declaration that certain bonds are "first mortgage bonds" is untrue if
there is a prior mortgage upon the property to secure promissory notes.

2. A statement made by directors of a corporation, in print, across the face of bonds issued by them, that the bonds are "first mortgage bonds," if untrue, will render the directors liable to an action of deceit at the suit of one who, on the faith of such statement, bought the bonds on the market.

3. In such a case, the mere fact that the title of the property was of record will not defeat a recovery.

4. Directors who put upon the market false securities in the name of the corporation, are individually liable in an action of deceit to those thereby injured.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Reversed and remanded.*

JOHN FLOURNOY and CREWS & BOOTH, for the plaintiff in error : If the representations were calculated to deceive, and did, in fact, deceive, it matters not that they are susceptible of a construction which may be literally true ; they are only the more dangerous for that reason. But whether they were made with the intent that they should be understood in the sense which induced plaintiff to act, is a question of fact to be found by the court or jury.— *Clark* v. *Dickson*, C. P. 5 Jur. (N. s.) 1029 ; 1 Smith's Ld. Cas. (7th Am. ed.), pt. 1, top p. 353 ; Kerr on Fraud, 92–95. It is immaterial that the defendants did not personally go to plaintiff and make said fraudulent representations.— 1 Smith's Ld. Cas., pt. 1, top p. 301, side p. 240 ; *City Bank* v. *Phillips*, 22 Mo. 85. "Fraudulent representations in respect of the title of land, will entitle the aggrieved party to relief; but the misrepresentations must be concerning something unknown to the party injured, who has been induced to act or abstain from examination from some special confidence reposed in the other party, as in this case, where the vendor prevents the vendee from making an examination of the records in regard to the title, by assurances that the title is perfectly good and the property free from incumbrances, and, upon the faith of such assurances and representations, the vendee abstains from making the proper examination."— *Bailey* v. *Smock,* 61 Mo. 213 ; *Holland* v.

*Anderson*, 38 Mo. 55; *Brownlee* v. *Hewitt*, 1 Mo. App. 360. Plaintiff, having believed and relied upon the truth of these representations, and, by reason thereof, bought the bonds, without notice of their falsity, defendants are clearly liable for any damage he has thereby sustained. — Story's Eq. Jur., sect. 191; *Wannell* v. *Kem*, 57 Mo. 478; *Dulaney* v. *Rogers*, 64 Mo. 201; *Brownlee* v. *Hewitt*, 1 Mo. App. 360. This action is properly brought against the defendant, and not against the corporation. — Green's Brices Ultra Vires, 252, 253, 255, and notes on pp. 250, 251, 636.

CLINE, JAMISON & DAY, for the defendants in error: "If the buyer trusts to representations which are not calculated to impose upon a man of ordinary prudence, or if he neglects the means of information easily in his reach, he must suffer the consequences of his own folly and credulity." — *Dunn* v. *White*, 63 Mo. 184; *Buford* v. *Caldwell*, 3 Mo. 477. A representation as to the title of real estate cannot stand upon any different basis than one made respecting its boundaries; and it is held that, if the purchaser of real estate has the means of ascertaining the true boundary line and neglects to inform himself, he cannot recover of the vendor damages for making a false representation as to the boundaries. — *Clarke* v. *Baird*, 7 Barb. 65; *Brooks* v. *Hamilton*, 15 Minn. 33, 34. Representations of the character sued on in this case are within the statute. And, though the representations may be made by an officer, agent, or member of a corporation, relating to its credit and in connection with some transaction in which he may have a direct interest, the statute still applies, and no action can be maintained on account of such representations, unless they are in writing and subscribed by him. — *McKinney* v. *Whiting*, 8 Allen, 208; *Wells* v. *Prince*, 15 Gray, 562; *Kimball* v. *Comstock*, 14 Gray, 510; Browne on Stat. Fr., sect. 184; *Swann* v. *Phillips*, 8 Ad. & E. 457; *Walther* v. *Menell*, 6 Mo. App. 370. And as the representations are averred to have been made orally, a demurrer lies to the

petition. — Browne on Stat. Fr., sect. 509 ; *Randell* v. *Howard*, 2 Black, 585.

BAKEWELL, J., delivered the opinion of the court.

This is an action in the nature of an action for damages for deceit. The petition alleges that, in July, 1872, and from thence to 1879, an incorporated company, called The Martindale Zinc Company, was doing business in Carondelet, Missouri ; and, on November 17, 1873, executed and delivered to one Hill its promissory note for $15,000, with interest notes, and, at the same time, executed and delivered, to secure these notes, its deed of trust upon the real estate of the corporation, and its machinery and improvements, which deed was duly recorded. From January, 1875, until October, 1879, defendants were the only directors and officers of the corporation, and had control of its property and business, and in January, 1875, defendants, as officers and directors of the corporation, for the purpose of raising money for the corporation, adjusting its debts and debts for which defendants were liable as sureties, caused to be executed and issued by the corporation, seventy-five bonds for $1,000 each, payable on January 1, 1885, with semi-annual coupons attached, for interest at ten per cent ; and at the same time caused to be executed, delivered, and recorded, the deed of trust of the corporation upon the same real estate above mentioned, to secure these bonds and coupons. This deed of trust contained no mention of the prior deed of trust, and contained the covenants implied in the words "grant, bargain, and sell." Defendants caused to be inserted in each of these bonds, the following recital : —

"This bond is one of a series of seventy-five bonds, of the same amount and date, numbered from one to seventy-five, inclusive, issued by said corporation, the payment of which is secured by a deed of trust upon real and personal property owned by said corporation, bearing even date

herewith, duly recorded, and made to Oliver Garrison and Timothy B. Edgar."

Defendants also caused to be conspicuously printed on the back of each bond, the following indorsement: "First Mortgage Bonds. $1.000. Martindale Zinc Company. Interest, ten per cent. Interest and principal payable in St. Louis, on the 1st of January and July."

In March, 1875, defendants, as officers of the corporation, placed five of these bonds, numbered 46, 47, 48, 49, and 50, in the hands of an agent for sale, and the same were purchased by plaintiff for $5,000, cash.

The petition charges that defendants, in so offering said bonds for sale for and on behalf of said corporation, with the said recital contained therein, and the said indorsements made thereon, by said recitals and indorsements, then and there represented to plaintiff that the deed of trust so executed to secure the payment of said bonds and coupons, was a first lien upon the property thereby conveyed, and that said property was not subject to any prior incumbrance; and it further charges that defendants caused said agent, who was the agent both of defendants and of the corporation, at the time of offering said bonds for sale to plaintiff, to verbally represent, and he did then and there represent and state to plaintiff, for the purpose of inducing him to purchase the same, that said corporation was solvent and doing a prosperous business, and that the seventy-five bonds so issued, as aforesaid, were for the purpose of extending and enlarging the business of the corporation.

That, at the time, plaintiff had no notice or information of the existence of the said promissory notes to Hill, or of the deed of trust to Karlskind and Koeler to secure the same, and did not know that said notes were unpaid, but relied upon the truth of said representations, and believing the same, and having no reason to disbelieve or mistrust them, accordingly purchased and paid for the bonds, as aforesaid.

The petition then proceeds to aver specifically that said representations were all false, and that defendants knew them to be false, and knew that the recitals in said bonds and the indorsements on said bonds, in so far as they represented that said deed of trust to Garrison and Edgar, to secure the payment of said bonds and coupons, was a first lien upon the property thereby conveyed, and that said property was not subject to any prior incumbrance, was untrue ; that defendants, in causing said bonds to be issued by said corporation, were in duty bound, as such officers and directors, to see that they contained nothing calculated to deceive purchasers to their damage, but, on the contrary, not content with deceiving plaintiff in the manner aforesaid, even after the purchase of said bonds by him they further deceived him and lulled him into security by paying the coupons thereon regularly, as the same became due, up to July, 1878, and not until the coupons due January, 1879, became due and the payment thereof was refused, did plaintiff have a suspicion of the fraud and deception that had been practised upon him.

The petition further avers that the property was, at the date of the issue of said bonds, and ever since has been, of sufficient value to secure the payment of said bonds and coupons ; that in October, 1878, the same was all sold by said Karlskind and Koeler, at trustee's sale, for the payment of said notes, and defendant, Timothy B. Edgar, was the purchaser at and for the price and sum of $10,000.

That the property, so sold and delivered to said Edgar, was, at the time of said sale, all the property of said corporation.

That, prior to the issue of said bonds, all the capital stock of said corporation was paid up. That on the — day of ———, 1879, said corporation suspended business, and has not now, and, since the sale to said Edgar, has not had any property or assets, whatever.

That said five bonds, and fourteen of the coupons issued

with each of said bonds, remain due and unpaid, and said corporation has no property or assets wherewith any part of the sum due thereon can be made, and the same are totally worthless.

That, by the said false and fraudulent representations, as aforesaid, made and caused to be made by defendants, and the matters and things aforesaid, plaintiff is damaged in the sum of $10,000.

That the facts constituting the fraud in the matters and things aforesaid, were not discovered by plaintiff, and plaintiff had no notice thereof, until the — day of ———, A. D. 1879.

And the plaintiff prays judgment for $10,000 for his said damages, and for all other proper relief.

To this petition defendants interposed a demurrer, on the ground: *First*, that it did not state constitutive facts against the defendants, or any of them ; *second*, that no representations are averred to have been made by defendants, or any of them, such as did induce, or should have induced, plaintiff to purchase these bonds, or which did deceive, or ought to have deceived, him as to the existence of the prior mortgage ; *third*, that the alleged representations are not alleged to have been in writing, subscribed by defendants, or any one authorized by them.

The trial court sustained the demurrer ; and this being the third petition filed, plaintiff was precluded from pleading further, and there was final judgment for defendants.

The rule is, that, where a person states material facts as of his own knowledge, and not as a mere matter of opinion, about a matter of which he has no knowledge, or, if he has knowledge, contrary to the known facts, and the person to whom the statement is made relies upon the statement, and is deceived thereby to his injury, an action for deceit will lie. Where, however, the fraudulent concealment or misrepresentation is made by the vendor of land, as to its na-

ture, quality, quantity, situation, or title, the representation must be in reference to a material thing unknown to the vendee from want of examination, or from want of opportunity to be informed. And if the buyer trusts to representations which are not calculated to impose upon a man of ordinary prudence, or if he neglects means of information easily within his reach, he must suffer the consequences of his own folly and credulity. The vendee must go further, and show that some deceit was practised for the purpose of putting him off his guard, or that special confidence was reposed in the representations of the vendor, and that the contract was made upon the strength of that confidence. And, in such cases, there should be the clearest proof of the fraudulent misrepresentations. *Langdon* v. *Green*, 49 Mo. 363. To justify the action, there must be fraud as distinguished from mistake. And, if the buyer trust to misrepresentations not calculated to impose on men of ordinary prudence, or if he neglect means of information easily within his reach, he cannot recover. *Dunn* v. *White*, 63 Mo. 181. But the mere fact that the title was matter of record in the state or county where the bargain was consummated, will not defeat a recovery, where the fact was peculiarly within the knowledge of defendant, and plaintiff has been induced to abstain from examination by special confidence reposed in the other party, or where the vendee is prevented from making the examination by assurances from the vendor, which he knew to be false at the time, that the title is good, and the property unincumbered, and, on the faith of such assurances, the vendee neglects to examine the title. *Bailey* v. *Smock*, 61 Mo. 213.

In the case at bar, taking the allegations of the petition to be true, — as we must do for the purposes of this examination, — the representation was clearly false. There is nothing in the position that these were first mortgage bonds because the prior mortgage secured, not bonds, but notes.

"First mortgage bonds" means bonds secured by first mortgage. The directors of this company knew that these bonds were secured by a second mortgage, and not by a first mortgage. The bonds were, by their nature, calculated to find a market anywhere in civilization, no matter how distant from the site of the property by which they were secured. The printed statement that they were first mortgage bonds was an assertion by the officers and directors of the company that they were so; and men of ordinary prudence, on the faith of that statement, might well abstain from an investigation of the fact.

It is immaterial that defendants did not personally go to plaintiff and make the false statement put forth in their names as officers of the company. It is enough that the false representations were held out to the world at large for the purposes of deception. And, if the petition states a good cause of action, it is an action which will lie against the individual directors; for the directors of a corporation are liable, where they cast upon the market, with fraudulent intent, false securities, in the name of the corporation. *Bruff* v. *Mali*, 36 N. Y. 200.

It is objected that the petition contains allegations of verbal representations by the defendants as to the liability of the corporation, and that such representations are within the statute of frauds. This is not ground for demurrer. The statute, to be of avail, must be pleaded in Missouri. *Donaldson* v. *Newman*, 9 Mo. App. 235. Besides, the petition states a cause of action, if these allegations are rejected.

We think that the judgment should be reversed and the cause remanded. It is so ordered. All the judges concur.