Holland v. Anderson et al.

LEONARD B. HOLLAND, Plaintiff in Error, *v.* DAVID ANDERSON *et al.*, Defendants in Error.

1. *Practice—Equity—Pleading.*—Although a plaintiff, upon a petition in equity, may not be entitled to the special relief prayed, yet, under the prayer for general relief, the court may give him the relief to which he shows himself entitled. A court of equity having once acquired jurisdiction, will proceed to do complete justice between the parties.

2. *Equity—Vendor and Vendee—Fraud.*—Fraudulent misrepresentation and concealment by a vendor of land, as to the nature, quality, quantity, situation, and title therof, affecting the whole subject matter of the contract, will entitle the vendee to relief; but such misrepresentation by the vendor must be in reference to some material thing unknown to the vendee, either from not having examined, or from want of opportunity to be informed, or from special confidence being reposed in the vendor.

*Error to St. Louis Land Court.*

*Glover & Shepley*, and *Peacock & Cornwell*, for plaintiff in error.

I. The action was one for cancellation, rescission, and for general relief; and prior to the late code was purely an equity suit. Such a case was only triable by the court, and no instructions could be asked, or any legal propositions announced, on the trial by the court. It was the duty of the court to make a decree on the petition, answers, and evidence; and the whole case will be reviewed in this court on its merits, as shown by the pleadings and evidence—21 Mo. 93; 28 Mo. 129, 322; 20 Mo. 431.

II. The fraud by misrepresentation and by concealment was clearly established. It appears to have been deliberately planned and prosecuted. It was an imposition on one who trusted implicitly to Anderson's representations.

The plaintiff, on well established principles of equity, was entitled to the relief he sought; that is, in a proper case for rescission, rescission will be decreed if the court can put the parties *in statu quo.* The plaintiff insists that the case made was one authorizing rescission, for the fraud—1 Sto. Eq. §§ 202–3; 1 Dev. Eq. 411; 11 Mo. 655; 34 Mo. 195; 1 Rand.

403 ; 1 Freem. Ch. 241, 249 ; 3 Littell, 375 ; 7 J. Ch. 200; 7 Cranch, 69 ; 3 Sme. & M. 386 ; 25 Mo. 72.

Inadequacy of consideration, though not of itself sufficient cause to set aside an instrument, will have great weight when fraudulent representations or concealments accompany it— 2 J. Ch. 24; 9 Mo. 201 ; 4 Dessaus. 651 ; 10 Yerg. 202 ; 2 Greene Ch. 489; 2 Yerg. 294.

If it is contended that if the court below could not rescind the contract because Anderson had put the notes and property he got from Holland out of his hands (1 Dana, 424 ; 3 Dana, 201–2 ; 4 Dana, 196 ; 6 B. Mon. 41, 127), which may be conceded for the present, still Holland was entitled to compensation for the gross fraud which had been practised on him. Anderson had no title to some of the Rosehill property, and by his fraud the leasehold was less valuable than he represented it. For this, plaintiff had a right to compensation—11 Paige, 277 ; 5 J. J. Marsh, 8. The petition was filed for rescission, and that should have been granted, and would have been but for the conduct of Anderson. In such case compensation was proper—5 J. J. Marsh, 18, 28 ; 2 Bibb, 410 ; 1 A. K. Marsh, t. p. 317, s. 426 ; 2 id. t. p. 828, s. 489 ; 1 Dana, 590. Where there is title to part, and no title to another part, the plaintiff is entitled to compensation —1 A. K. Marsh, 257.

But one who has been guilty of fraud, and has not procured a perfect title at the trial of the cause, has no claim to any delay to procure the title—3 Dana, 201 ; 3 J. J. Mar. 337 ; Reese v. Smith, 12 Mo. 348–9.

A bill for compensation alone will not lie in equity; but where the bill is filed for specific performance or concealment, or to set up a resulting trust, and fails by act of defendant putting the property beyond the reach of the court, compensation will be granted rather than turn the party over to another suit—1 Cow. 711 ; 2 Barbour, S. C. 270–1, 281 ; 3 Swanst. 109 ; 1 Cox, 258 ; 9 Cranch, 492 ; 5 J. J. Marsh, 18 ; 2 A. K. Marsh, t. p. 659. The last two cases were bills for rescission—2 Sto. Eq. § 799, p. 141.

*Sharp & Broadhead*, for defendants in error.

I. Fraud is never to be presumed; it must be proven by him who asserts it, in equity as well as at law—1 Sto. Eq. 221-2, § 190.

II. As to representations as to value, title of record, or any other facts open to the inspection of both parties, the facts being within the means of knowledge of the party, it is his own laches and neglect if he does not know them, and it is to a great extent a matter of judgment; equity will not relieve—1 Sto. §§ 197, 200-1.

III. The aid of a court of equity can only be invoked by him who has been vigilant in asserting his claims. " *Vigilantibus, non dormientibus, æquitas subvenit.*" The defendant may have made transactions, or so conducted his affairs, as that it would be inequitable to disturb them. Third persons may have acquired rights during the delay; equity will not interfere after such delay—Smith Eq. 19 & 20.

IV. If Holland, who claims now to have been defrauded, after he knew the facts acquiesced in the transaction, and claimed and asserted rights under it, or dealt with Anderson about it, he cannot afterwards ask relief of a court of equity —1 Sto. § 203. And Holland, after knowing all the facts, claimed, held, rented, and dealt with all the property under the contract as his own, and still does; he is therefore barred from any right to rescind, and has waived it, if any he ever had—1 Adol. & Ell. 40; Campb. v. Fleming, 7 Greenl. 70; Brinley v. Tibbetts, 4 Mass. 502.

V. In an exchange of property, Holland now claims that he was defrauded, and asks to rescind. No matter what facts are shown, he was bound first to restore all he had received under the contract (it is not enough, if he had notified Anderson of his readiness to do so), and he was bound to do this without delay—Norton v. Young, 3 Greenl. 30; 4 Mass. 502; Blanchard v. Stone, 15 Vt. 271; 3 Wend. 236; Thomas v. Todd, 6 Hill. 340; Lawrence v. Dale, 3 Johns. Ch. 23.

WAGNER, Judge, delivered the opinion of the court.

This was a suit in the nature of a bill in equity, for rescission and cancellation of a contract in respect of an exchange of lands. The petition asked for rescinding the contract, and also prayed for general relief; but it was admitted on argument that the prayer for rescission could not be granted, because the property had been changed in such a manner that it was impossible to have it restored. But it is contended that, although that part of the bill failed, the court should still have awarded the plaintiff compensation, under the prayer for general relief.

Judge Story says, " the usual course is for the plaintiff, in this part of the bill, to make a special prayer for the particular relief to which he thinks himself entitled, and then to conclude with a prayer for general relief, at the discretion of the court. The latter can never be properly and safely omitted; because, if the plaintiff should mistake the relief to which he is entitled, in his special prayer, the court may yet afford him the relief to which he has a right, under the prayer of general relief"—Sto. Eq. Pl. § 40.

It is a well established rule, that where a court of equity once acquires jurisdiction of a cause, it will retain it to do full and complete justice. It will sometimes give damages, which are generally only recoverable at law, in lieu of equitable relief, where it has obtained jurisdiction on other grounds —Wiswall v. McGown, 2 Barb., S. C. 270.

We entertain no doubt about the petition being sufficient under the general relief clause to enable the plaintiff to obtain compensation, providing the evidence made out a case showing he was entitled to such relief. Fraudulent misrepresentation and concealment by a vendor of land, as to the nature, quality, quantity, situation, and title thereof, affecting the whole subject matter of the contract, will entitle the vendee to relief in equity, and he will not be left to his remedy at law: but such misrepresentation by the vendor, to furnish a ground for equitable interference, must be in reference to

some material thing unknown to the vendee, either from not having examined, or from want of opportunity to be informed, or from special confidence being reposed in the vendor. As when the vendor, as is charged in this case, prevents the vendee from making an examination of the records as regards the title, by assurances that the title is perfectly good, and the property is free from encumbrances, and upon the faith of such assurances and representations the vendee abstains from making the proper examination. But in all such cases the court will not act without the clearest proof of the fraudulent misrepresentations, and that they were made under such circumstances as show that the contract was founded upon them—1 Sto. Eq. Jur. § 200.

The petition in this case sets out sufficient facts, if proved, to warrant the interference of a court of equity; but every material allegation in the petition is positively denied in the answer, and the proof is not clear of fraudulent misrepresentations by the vendor, or that the contract was induced and entered into on account of such misrepresentations. The evidence of Walters and Leffingwell, in respect to Anderson's declarations that the property was all right, and that he sold it to Holland free of encumbrance, fails entirely to show that any particular faith or confidence was reposed in the representations of Anderson, or that he caused or persuaded Holland to refrain from examining the records. The evidence of Cornwell proves nothing. And besides, with a full knowledge of all the facts, on the 21st of May, 1861, Holland wrote a letter to Anderson, which was given in evidence, fully exculpating him from all charges of misrepresentations, or unfairness in the transaction.

The record discloses no error in the judgment of the court below.

Judgment affirmed. The other judges concur.