Langdon v. Green.

JACKSON LANGDON, Respondent, v. AMOS GREEN, Appellant.

1. *Testimony, weight of — Supreme Court.* — This court will not determine the weight of testimony in civil law cases.

2. *Land and land titles — Fraudulent misrepresentations — Diligence — Con-fidence — Proof of fraud, etc.* — Fraudulent misrepresentations and conceal-ment by the vendor of land as to the nature, quality, quantity, situation and title thereof, in order to entitle the vendee to relief, must be in reference to some material thing unknown to the vendee either from want of examination or from want of opportunity to be informed. And if the buyer trusts to rep-resentations which are not calculated to impose upon a man of ordinary pru-dence, or if he neglects the means of information easily in his reach, he must suffer the consequences of his own folly and credulity. The vendee must go further and show that some deceit was practiced for the purpose of putting him off his guard, or that special confidence was reposed in the representa-tions of the vendor, and that the contract was made and entered into upon the strength of that confidence. And in such cases there should be the clear-est proof of the fraudulent misrepresentations.

*Appeal from Ray Circuit Court.*

*A. & T. A. Green,* for appellant.

"The vendee has the right to act and contract on the faith of any statement of fact made to him by the other party; and it cannot be imputed to want of diligence that he made no inquiry to ascertain the truth of such statement, but he had the right to rely and act upon such statements as true." (Mead, Adm'r, v.

Bunn, 32 N. Y. 275 ; Whitney v. Allair, 1 N. Y. 309 ; Smith v. Countyman, 30 N. Y. 655 ; Bryan v. Hitchcock, 43 Mo. 528 ; Van Epp v. Harrison, 5 W. Hill, 63 ; Sanford v. Handley, 23 Wend. 259 ; Haight v. Hayt, 19 N. Y. 464, 474 ; Hubbard v. Briggs, 31 N. Y. 528.)

The only question is, did the party make false representations about material matters, and did the other party rely and act upon them ? (Thomas v. Beebe, 25 N. Y. 244 ; Atwood v. Wright, 29 Ala. 346 ; Burnett v. Judson, 21 N. Y. 238 ; Owens v. Rector, 44 Mo. 390.)

*Wallace & Mitchell*, with *H. M. & A. H. Vories*, for respondent.

The vendee must, in such cases as the one at bar, exercise common prudence and ordinary diligence in the use of the means and appurtenances within his reach, to inform himself of the condition, situation, title, etc., of the property he is about to buy, and he can not rely upon affirmations or representations of the vendor when the means of ascertaining the true condition of the property and state of facts are easily accessible to him by the exercise of ordinary diligence. (Van Epps v. Harrison, 5 Hill, 67–70 ; Bowring v. Stevens, 2 Carr. & P. 327; Harvey v. Young, Yelverton, 21, and note ; Davis v. Meeker, 5 Johns. 354 and cases cited ; 2 Kent's Com. 482–4 ; 1 Sugd. Vend., §§ 3, 4, 6 ; *id.*, §§ 195, 204 ; 2 Stark. Ev. 471 ; 1 Sto. Eq Jur., §§ 200 *a*, 201 ; Holland v. Anderson *et al.*, 38 Mo. 58–9 ; Jackson, Ex'r, v. Caldwell, 1 Cow. 642 ; 1 Sto. Eq., § 191 ; Dyer v. Hargrave, 10 Ves. 505.)

In House v. Marshall, 18 Mo. 368, the defendant resided in Indiana, and had never been in Missouri ; had no opportunity to look at the land, but relied entirely on the representations of the plaintiff, and it is totally unlike the facts of this case. So in Owens v. Rector, 44 Mo. 390, there was nothing, on inspection of the lots, to indicate that the street, when opened, would cut off part of the lots and nine feet of the front of the houses. In this case appellant could see, and was also notified, that the land had been washing away.

WAGNER, Judge, delivered the opinion of the court.

This was an action brought by the plaintiff against the defendant on a promissory note for $1,000. The answer set up that the note was given in part payment of the purchase-money for one-tenth of the Lexington ferryboat and franchises, and about six hundred acres of land and certain lots in the city of Lexington; that the plaintiff made certain representations as to the yearly earnings of the ferryboat and the quality of the land, and that only a certain amount had been washed away by the Missouri river; that, relying on the truth of said representations, and without further investigation, defendant was induced to purchase the one-tenth interest at $10,000; that he paid one-half down, and executed five several notes for $1,000 each for the remainder, the note sued upon being the first one due. The answer further alleges that the representations of the plaintiff were false and fraudulent, and made to deceive defendant, and that the value of the property was not one-half of what it would have been had the plaintiff's representation been true, and asks to recoup the damages sustained in consequence thereof against the note. Plaintiff's replication denied all the allegations of fraud, deceit, and misrepresentation charged in the answer. The trial was before the court and a jury. The verdict and judgment were for plaintiff for the full amount of the note.

On the trial the defendant introduced evidence tending to prove the charges made in his answer, and the plaintiff gave testimony to disprove the same, and tending to sustain the allegations in the replication. There was a great deal of evidence and it was conflicting, and it is not our purpose to either review or comment upon it. As to what the evidence proved, the verdict of the jury is conclusive, and that establishes the plaintiff's case. But it becomes necessary to examine the instructions to see whether the jury were misled or properly directed. This is the only point raised in the record, as no exceptions were taken to any ruling of the court in regard to admitting or excluding evidence. The defendant excepted to the giving of the plaintiff's instructions, and that is the only exception presented in the case. The instruc-

tions which were given for the plaintiff and are complained of are the second, fourth, eighth and tenth in the series.

The second instruction declares that it is not every false affirmation of the seller which will give the buyer an action for, or other right to recoup damages, although he may be deceived by such affirmation. The law aids only the diligent, and the law requires of the purchaser of property the exercise of common prudence, and ordinary diligence and trouble in making search and inquiries to satisfy himself of the correctness and truthfulness of affirmations or representations of the seller of property in regard to the title or condition of the property, before he can claim and obtain relief by way of recoupment of damages on account of such affirmations or representations, unless the jury further believe from the evidence that plaintiff practiced some deceit on defendant to prevent his making the inquiries, search or examination into the correctness or the truthfulness of his affirmations or representations.

The fourth instruction is as follows: "If the jury believe from the evidence that the sale of the property, for which the note sued on was given for part of the price thereof, was closed and consummated by plaintiff with defendant and his co-purchasers by the deed read in evidence, of the date of September 5, 1868, then all prior and cotemporaneous negotiations and representations are by law merged in such deed and the terms thereof, and the jury can look only to said deed for the terms and conditions of such sale, unless the jury further believe from the evidence that the defendant was induced so to close and consummate such sale and purchase by and through false and fraudulent representations of plaintiff concerning the quantity, title or location of such property, which the defendant had not the opportunity or means, by reasonable and ordinary industry and diligence, to learn and ascertain the true facts and conditions concerning."

The eighth instruction is in reference to the rights of riparian owners on the banks of water-courses, and no point is made on it in this court, the counsel for the appellant admitting that the question of false and fraudulent representation is really the only one in the case.

The following is the tenth declaration: "The jury are instructed that the deed read in evidence, of date September 5, 1868, from plaintiff to defendant and others, for the ferry, ferry rights, lands and property, for the purpose of this suit must be taken and considered by the jury as conveying to the defendant and his co-purchasers all the property and franchises therein described, and as a conclusion between the parties as to the extent of ferry franchise, and quantity and quality of property therein purported to be conveyed, except to the extent, if any, that defendant has shown by evidence that such franchise and quantity of such property have fallen short or failed, and the defendant's damages by such falling short or failure by and through the false and fraudulent representations of plaintiff to defendant in such sale, which defendant could not by common prudence ascertain the real facts concerning."

The court then, at the request of the defendant, gave as the law governing the case the following instructions:

"2. The measure of damages, if any are found, is not what the defendant made or lost by the purchase, but it is the difference between the value of the interest sold to the defendant at the time of sale, if the property had been as was represented by the plaintiff, and the value of it as it was in point of fact."

"5. If the jury find from the evidence that the plaintiff falsely and fraudulently represented to the defendant that there was more land than there really was, and that the income from the ferry was greater than it actually was, and that his ferry franchise was more extensive than it actually was, and that the defendant, relying on these representations, was induced to and did make the purchase, but on the faith of these representations; and if the jury further find from the evidence that the note sued upon was given in part payment for the land, boat and franchise so purchased, and the jury should further find from the evidence that there was not the quantity of land represented, and that the income from the ferry was not as large as represented by the plaintiff, and that the extent of ferry franchise was not as represented, then the jury should find for the defendant the difference between the value of the property as represented at that time, if it had been as repre-

sented, and its value in the condition it really was ; and if such difference is as great or greater than the note sued upon, they should find for the defendant ; and if not as great as the note sued upon, then they should find for the plaintiff only to the extent of the remainder, after deducting such damages."

There was another instruction given, numbered six, which referred to the boundary of the land on the river, and which was the converse of number eight, given for the plaintiff, and which it will not be necessary to consider.

The instructions given for the defendant are as favorable as he could ask, but they are modified by those given at the instance of the plaintiff, and require that, notwithstanding plaintiff's representations, defendant should have exercised common prudence and ordinary diligence.

As to what is said in the first instruction excepted to, concerning affirmations not giving the vendee a right of action, we are unable to see any objection.   In making bargains each party is apt to say things which neither regards as of much consequence ; and if the buyer trusts to representations which are not calculated to impose upon a man of ordinary prudence, or if he neglects the means of information easily within his reach, he must suffer the consequences of his own folly and credulity.   The vendee must go further and show that some deceit was practiced for the purpose of putting him off his guard, or that special confidence was reposed in the representations of the vendor, and that the contract was made and entered into upon the strength of that confidence.

Fraudulent misrepresentations and concealment by a vendor of land, as to the nature, quality, quantity, situation and title thereof, affecting the whole subject-matter of the contract, will entitle the vendor to relief ; but such misrepresentation by the vendor must be in reference to some material thing unknown to the vendee, either from not having examined, or from want of opportunity to be informed, or from special confidence being reposed in the vendor.   And in such cases there should be the clearest proof of the fraudulent misrepresentations, and that they were made under such circumstances as show that the contract

was founded upon them. (Holland v. Anderson, 38 Mo. 556; Bryan v. Hitchcock, 43 Mo. 527.) In business transactions parties must not neglect the use of their own judgment and discretion.

In House v. Marshall, 18 Mo. 368, the defendant lived in Indiana, and being desirous of removing to Missouri, met with the plaintiff in Kentucky, and after some negotiation contracted to purchase from him a farm which he had recently lived on in Audrain county, Missouri. The defendant had no opportunity to look at the land, but in purchasing he relied solely and entirely on the representations of the plaintiff. When the defendant came to this State and moved on the place, it was found that the plaintiff had made false representations in regard to the same. In an action for part of the purchase-money it was held that the defendant might recoup the damages sustained by him by reason of the false and fraudulent representations of the plaintiff as to the quality and advantages of the land. But in that case it will be perceived that the defendant was in another State, had never seen the land, and had no opportunity of examining it. He trusted entirely to the representations of the plaintiff, and had nothing else to refer to. Had he been on the land and looked at it for himself, a mere affirmation or representation by the plaintiff would hardly have availed him.

The case of McFarland v. Carver, 34 Mo. 195, is in point and is decisive of the question now presented. There McFarland sold Carver a quantity of land for $7,000. Carver paid $5,000 in cash and gave his two notes of $1,000 each for the balance. Suit was brought upon these notes, and for defense and by way of counter-claim, Carver set up in his answer that plaintiff, well knowing that about 125 acres of said land had prior to said sale been overflowed by the waters of the Mississippi river, falsely and fraudulently represented to the defendant that the said 125 acres had never been overflowed or inundated; and the defendant, being ignorant that said land had been overflowed, and relying on the truth of the false and fraudulent representations, accepted the purchase of said land, and by means of the premises he has been damaged $3,500, which he asks to be set off.

24—VOL. XLIX.

There was also a further allegation that the plaintiff knew said lands had overflowed, and were liable to overflow, and that he fraudulently concealed from the defendant that fact, and that the defendant was ignorant that said land had overflowed and was subject to overflow. The replication of the defendant denied the charge of false and fraudulent representation and concealment. On the trial before a jury, the court, at the request of the plaintiff, instructed the jury that if they believed from the evidence that the defect set up as the basis of the defendant's counter-claim was patent, that it was such as might have been discovered by ordinary diligence on the part of the defendant (the purchaser), then the plaintiff was not bound to point out such patent defect, and the jury should find for the plaintiff.

The court, of its own motion, instructed the jury that if they believed from the evidence in the cause that plaintiff, at or before the sale of the land in question to the defendant, knowing said land to be subject to overflow, used any artifice to mislead the mind of the defendant, to throw him off his guard, and to prevent him from making as careful examination of the land as a man of ordinary prudence would otherwise have made, and that defendant was thereby misled, thrown off his guard, and prevented from examining said land, and in consequence thereof was and remained ignorant of the fact that said land was subject to overflow up to the time when he bought said land, then and in that case the jury should find for the defendant, and assess damages according to the measure, etc.

The jury found for the plaintiff for the whole amount claimed, and on error to this court it was decided that the instructions were legally correct, and the judgment was affirmed.

The instructions in that case, and in the one we are now considering, are substantially the same. That the defendant had ample opportunity to inform himself of the situation of the whole property and to become thoroughly conversant therewith, is attested by the fact that for months he had had the whole of it in his hands as agent for the plaintiff, trying to effect a sale thereof. He was on the spot where he could examine the records and see

the property every day. Not being able to effect a sale as agent, he combined with others and purchased it.

Under all the circumstances we think the court properly declared the law, and, upon both authority and principle, the judgment should be affirmed. Judge Bliss concurs. Judge Adams absent.