OLIVER CARDER, Respondent, v. JAMES L. PRIMM, Administrator, Appellant.

St. Louis Court of Appeals, December 10, 1895.

1. **Instructions**: REQUIRING PROOF TO THE SATISFACTION OF THE JURY.   An instruction will not warrant the reversal of the judgment in a cause, because it requires the party having the burden of proof to establish facts in issue to the satisfaction of the jury.

2. **Practice, Trial**: MISCONDUCT OF COUNSEL IN ADDRESSING JURY.   It is the duty of the trial court to at once check an attorney, when he, in addressing the jury, denounces the law which has been declared to them by the court, or appeals to their prejudices.

3. **Practice, Appellate**: REVERSAL OF JUDGMENT AFTER SUCCESSIVE APPEALS.   But, after there have been successive appeals in a cause, the reversal of the judgment therein is warranted only when the appellate court is satisfied that error has intervened which was unquestionably prejudicial to the appellant.   And *held*, that the failure of the trial court to at once reprimand respondents' counsel for an improper remark to the jury in this cause did not require the reversal of the judgment appealed from, since the present appeal was the fourth taken in the cause, and since the trial court did, shortly after the remark, give an additional instruction to the jury, the effect of which was opposed to what had been said by counsel.

*Appeal from the Clark Circuit Court.*—HON. BEN E. TURNER, Judge.

AFFIRMED.

O. D. *Jones* and *L. F. Cottey* for appellant.

*Blair & Marchand* for respondent.

ROMBAUER, P. J.—This is the fourth appeal in this case. Our opinions on former appeals are reported in 47 Mo. App. 301, 52 Mo. App. 102, and 60 Mo. App. 423. As it is in the interest of both litigants and courts that the trial of the same cause should not go on *forever*, we would not be warranted in disturbing the judgment herein, unless we are fully satisfied that error has intervened in the last trial which was *unquestionably prejudicial* to the party appealing. Such is also the view entertained by the supreme court in *Spohn v. Railroad*, 87 Mo. 74, 101 Mo. 417, 116 Mo. 617, 122 Mo. 1.

The facts of the case have been fully stated in our former opinions. It will suffice to state briefly that the controversy is touching some money, which, it is alleged, the defendant's intestate had collected as plaintiff's agent and failed to account for. The defense interposed by the evidence was that the intestate had accounted in his lifetime for all the money thus collected, and that the plaintiff was fully advised more than five years anterior to his death that he had collected certain moneys for the plaintiff and held them subject to plaintiff's order; hence the claim, if any, was barred by the statute of limitations of five years, which was interposed as a defense. The plaintiff gave in evidence an admission, made by the intestate in the presence of two witnesses in the year 1886, that he then held between $700 and $800 of the plaintiff's money in his hands, and it appeared by the record that the claim against the estate was exhibited within five years thereafter. The plaintiff thereupon rested, and the defendant asked an instruction in the nature of a demurrer to the evidence, which the court refused, and the defendant excepted. The defendant thereupon introduced evidence tending to show that the intestate had collected in the years 1873 and 1874 on plaintiff's account

between $300 and $400, and that his admission in 1888 could refer to no other money than the money thus collected; also, testimony tending strongly to show that the plaintiff was advised of this collection more than five years prior to the death of the intestate. At the close of the entire evidence the defendant again offered an instruction in the nature of a demurrer to the evidence, which the court again refused and defendant excepted. The cause was thereupon submitted to the jury on instructions fairy presenting the law as applicable to the hypothetical facts, and the counsel proceeded to address the jury.

The plaintiff's counsel in his closing argument to the jury made the remark that they, the defense, are trying to rob this honest old farmer by the robber defense of the statute of limitations, or by the robber's plea of the statute of limitation. When counsel for defendant objected to the remark, the court did not reprimand counsel for plaintiff, but the latter stated that what he meant was simply to assert that defendant was trying to beat the plaintiff out of the collection of an honest debt of between $700 and $800 by the statute of five years' limitation. At the close of the entire argument the court gave to the jury the following additional instruction: "The statute of limitations in this case is a valid and subsisting defense, if proven by defendant to the satisfaction of the jury. If so proven, the jury should not disregard it." The jury found a verdict for plaintiff.

The errors assigned by the defendant are that the court should have given the instruction in the nature of a demurrer at the close of the plaintiff's evidence, or at least at the close of the whole evidence, that it erred in its instructions to the jury, and that it should have vacated the verdict for misbehavior of counsel in addressing the jury.

The first error assigned is disposed of by our ruling on the first appeal in the case, where we held that the plaintiff was entitled to go to the jury on the decedent's admission. If the plaintiff made a *prima facie* case, then it was for the jury to say whether such a case had been sufficiently rebutted by the defendant's evidence. We so held in the analogous case of *Boatmen's Savings Bank v. Overall*, 16 Mo. App. 510, and that holding was approved by the supreme court in the same case on appeal (90 Mo. 410). We can not see how the rule can be otherwise, when the credibility of witnesses is in *the first instance* a question for the jury, and not for the court. This disposes of the first assignment.

As above said, the instructions on which the cause was submitted were very fair to both parties. The instruction which is mainly complained of by the defendant is the following instruction given for the plaintiff: ·

"The defendant asserts that the money claimed by plaintiff in this suit was collected by Francis M. Carder, deceased, of Dr. Wright and Homer Harr in 1871, 1872 and 1873, and pleads the statute of limitation of five years against its collection; now the court instructs the jury that the burden rests upon the defendant to prove to the satisfaction of the jury, by a preponderance of the evidence in the cause, that the money sued for is the money so alleged to have been collected of said Dr. Wright and Homer Harr."

The objection rests mainly on the phrase *to the satisfaction of the jury*, which, as will be seen, is also used by the court in its instruction given at the close of the argument. The same objection was made to an instruction in the case of *Marshall v. Thames Fire Insurance Company*, 43 Mo. 586, but it was held that the use of that expression in an instruction would not

warrant the reversal of a judgment. We have taken the same view repeatedly. *Smith v. Young*, 26 Mo. App. 575; *Frankenthal v. Goldstein*, 44 Mo. App. 189. The defendant's instruction sufficiently advised the jury that all that was necessary to justify a finding for the defendant was that they should *believe from the evidence* in the existence of a certain state of facts hypothetically submitted to them.

The closest point in the case arises upon the complaint made against the improper remarks used by plaintiff's counsel in his closing address to the jury. The statute of limitations is an equally valid and meritorious defense, whether it is interposed to defeat an "honest old farmer," or some other person whose age and calling is less apt to invoke in his behalf the sympathies of the jury. While courts are not warranted in checking a counsel's argument because he sees fit to indulge in mere flowers of rhetoric, however ornate, it should check him at once when he denounces the law which the court has given to the jury. A passionate appeal to the prejudices of a tribunal naturally impressible calls for censure on part of the court. *Gibson v. Zeibig*, 24 Mo. App. 65. It would have been better if the court in this instance had reprimanded counsel at once; but as the court by its instruction, above set out, and given shortly after the commission of the offense, disavowed any approval of the language used, and told the jury in effect that they could not disregard the statutory defense, if established, we are not warranted, under the circumstances stated in the outset of this opinion, in reversing the judgment on the sole ground of improper remarks of counsel, as we did in *Gibson v. Zeibig, supra.*

All the judges concurring, the judgment is affirmed.