————o————

RICHARD HAMILTON, Respondent, *vs.* JOHN HAMILTON, Appellant.

1. *Practice, civil—Specific performance—Suit for, how tried.*—An action for specific performance of a contract for the conveyance of real estate and for such order and decree as the court may direct is not a case for a jury unless on issues specially submitted. (Wagn. Stat., p. 1040, § 12.)
2. *Specific performance—Damages in lieu of.*—In suit for specific performance, damages may be adjudged in lieu thereof.

*Appeal from Livingston Circuit Court.*

*Collier & Mansur with Normille & Moore,* for Appellant.

*Wait, with Broaddus & Pollard,* for Respondent.

NAPTON, Judge, delivered the opinion of the court.

The petition alleges that in 1859 the defendant, who was a brother of the plaintiff, agreed with plaintiff, who was eleven years old, and his mother, (who was a widow,) that if the plaintiff and his mother would come to defendant's house and live with him, and if the plaintiff would assist in farming operations until he arrived at the age of twenty-one years, the defendant would, on plaintiff's arrival at the age of twenty-one, give to plaintiff one-half of all his estate, real and personal.

The petition further states that the plaintiff and his mother did go to defendant's house and continue to stay there till plaintiff was twenty-one years old, and that plaintiff, during this time, performed all the labor required of him by defendant; that on the 11th day of April, 1869, the defendant was owner of certain lands described, altogether 303 acres, and personal property worth $1,300 dollars, and that the land was worth $30 per acre.

The petition then avers a demand for this division and a refusal on the part of defendant, and the prayer is to decree a specific performance, and for such order or decree as to the court may seem just.

The defendant denied the agreement and pleads the statute of frauds. And he denies the performance of the alleged agreement; and to this there was a replication.

The bill of exceptions, which is the only record in the case, then states, that the plaintiff introduced proof to sustain the allegations of the petition; to all of which defendant objected, on the ground that it was parol evidence for the conveyance of real estate, and to prove a contract which was not to be performed within a year from its date. It was conceded, that no agreement in writing was made, but the evidence was admitted and exceptions taken. Evidence was also introduced to maintain defendant's answer. None of the evidence is preserved in the bill of exceptions. Thereupon, certain instructions were given to the jury, from which we may infer that the case was submitted to a jury. The substance of the instructions was, that if plaintiff and his mother performed their contract, alleged in the petition, they should find for plaintiff one-half of the value of defendant's property.

The jury assessed the plaintiff's damages at $700 and a judgment was entered therein. From this judgment an appeal is taken.

There is no statement that any issues were submitted to a jury, or that any such issues were decided by the court.

Our practice act requires that an issue of fact for the recovery of money or of specific real and personal property

must be submitted to a jury, unless a jury trial is waived. It also requires that every other issue must be tried by the court but the court is authorized to take the opinion of a jury on any specific question of fact involved, by an issue made up for that purpose. The petition in this case asked for a specific performance of a contract and for such order or decree as the court might direct. It was not a case for a jury, unless specially directed; but it seems that the court ordered a jury and adopted the verdict of a jury and gave judgment, not for a specific performance, but for the damages found by the jury for non-performance.

The damages found and the questions on the statute of frauds are not in the case. The evidence on the trial is not before us, nor are the instructions.

That damages in lieu of performance may be adjudged by a court, is decided in the case of Holland vs. Anderson, (38 Mo., 55).

We will therefore affirm the judgment; the other judges concur.