LYDICK, *Plaintiff in Error*, v. HOLLAND.

83　703
52a　153
83　703
78a　187
83　703
161　69

1. **Statute of Frauds:** PAROL CONTRACT FOR SALE OF LAND; PART PAYMENT. A parol contract for the purchase of land is within the statute of frauds, and part payment of the consideration is insufficient to take it out of the operation of the statute.

2. ———: PERFORMANCE OF PREPARATORY CONTRACT. The performance of a contract which is preparatory and ancillary to the one sought to be enforced, is not sufficient part performance to take a parol contract out of the operation of the statute of frauds.

3. ———: DAMAGES. Where the specific performance of a contract will not be enforced because within the statute of frauds, damages should not be allowed for its breach.

*Appeal from Livingston Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*L. T. Collier*, for plaintiff in error.

(1) The petition states facts sufficient to constitute a cause of action for a specific performance of the agreement alleged or for compensation in damages. "Although a contract may be void, under statute of frauds, yet, if the conduct of the party setting up the invalidity has been such as to raise an equity outside of and independent of the contract and nothing else will be adequate satisfaction of such equity, a court of equity will sustain the contract, notwithstanding its invalidity under the statute." 5 Wait's Actions and Defences, p. 798 ; *Hunt v. Turner*, 9 Texas 385 ; Pomeroy's Eq., sec. 821, p. 283. In suits for specific performance, damages may be adjudged in lieu thereof. *Holland v. Anderson*, 38 Mo. 55 ; *Hamilton v. Hamilton*, 59 Mo. 232. (2) The facts disclosed by the petition and admitted as true by the demurrer constitute a clear case of equitable estoppel against the defendant. "When one person by anything which he does or says or abstains from doing or saying intentionally causes or permits another person to believe a thing to be true, and to act upon such belief otherwise than but for that belief he would have acted, neither the person first mentioned nor his representative in interest is allowed in any suit or proceeding between himself and such person or his representative in interest, to deny the truth of that thing." Stephens' Ev., p. 124: *Bidwell v. Pittsburgh*, 85 Pa. St. 412, 417 ; *Rice v. Bunce*, 49 Mo. 231 ; *Chouteau v. Goddin*, 39 Mo. 229 ; *Garnhart v. Finney*, 40 Mo. 447 ; *Bunce v. Beck*, 46 Mo. 327 ; 14 California 279, 367, 368 ; *Pheling v. Armitage*, 12 Vesey 78, 84 ; *Storrs v. Barker*, 6 John. Ch. 166 ; *Hart v. Giles*, 67 Mo. 175 ; *Godfrey v. Thornton*, 46 Wis. 677 ; *Sim-*

*mons v. Steele*, 36 N. H. 73 ; *Breeding v. Stamper*, 18 B. Mon. 175 ; 2 Pomeroy's Eq., sec. 804, p. 263.

*O. J. Chapman* and *L. A. Chapman* for defendant in error.

(1) In order to constitute fraud, such as would take the case out of the statute of frauds, it must appear that, although the contract was a parol contract and consequently within the statute of frauds, yet the plaintiff in error has done certain acts of part performance, with the knowledge and consent of defendant in error, which would operate or work a fraud on plaintiff if defendant were permitted to set up the statute. (2) It is a well-established rule that before courts will enforce verbal contracts for the sale of land, there must be certain acts of part-performance, such as payment of purchase money, taking possession and making valuable improvements. Browne on Statute of Frauds (3 Ed.) sec. 457, p. 453 ; *Sitton v. Shipp.*, 60 Mo. 279 ; Fry on Specific Performance, sec. 403, p. 260 ; *Galway v. Shields*, 66 Mo. 313 ; *Bowels v. Watham*, 54 Mo. 262 ; *Ells v. Pacific R. R.*, 51 Mo. 204; *Talmen v. Brookes*, 51 Mo. 148. Part performance in order to avail a plaintiff seeking relief by specific execution, must be such as unequivocally proves the contract alleged, and strictly in performance of it. Browne on Statute of Frauds, sec. 455, p. 450 ; Fry on Specific Performance, sec. 413, p. 264. (3) It is settled that acts which are merely preparatory, or ancillary to the agreement alleged are not to be considered as part performance. It is obvious that such acts are not part performance. To the same class have been referred cases where the purchaser of land under a verbal contract has bound himself on the faith of that contract to make a lease of that land to a third party, and his doing so is not considered as part performance. Browne on Statute of Frauds, sec. 460, p. 455 ; Fry on Specific Performance, secs. 412, 413, p. 264. (4) A partial payment of the purchase money

will not take a case out of the operation of the statute of frauds, because the legislature having said that in relation to personal property and having omitted to say it in respect to land, it is to be inferred that they meant that a pa:ʼʼal payment should not make the contract binding in the case of lands. *Park v. Leewright*, 20 Mo. 85; *Blanchard v. McDougal*, 6 Wis. 157; 5 Wait's Actions and Defences, p. 800, sec. 5. (5) Specific performance of a verbal contract for the sale of lands will not be enforced unless it is clearly shown to have been in part performed, such as by the full payment of the purchase money, the taking possession and making of valuable improvements. 6 Wait's Action and Defences, sec. 5, p. 800; *Hawkins v. Hunt*, 14 Ill. 42; *Lowery v. Buffington*, 6 W. Va. 249; *Beardsley v. Duntley*, 69 N. Y., p. 577. (6) The generally conceded doctrine now is that the payment of the purchase money alone is not such part performance as to take a contract out of the statute. *Temple v. Johnson*, 71 Ill. 13; *Cole v. Potts*, 10 N. Y. 67; *Horn v. Ludington*, 32 Wis. 73; *Parke v. Leewright*, 20 Mo. 85. (7) The petition does not state a sufficient cause of action as to warrant the interposition of a court of equity, or to give a court of equity jurisdiction. *Holland v. Anderson*, 38 Mo. 55.

BLACK, J.—This was a suit for the specific performance of a parol contract. A demurrer to the petition was sustained; and the only question is, does the petition state facts sufficient to constitute a cause of action? It alleges that the parties each owned forty acres of land; that plaintiff had an opportunity to sell his land and notified the defendant of this, and of the further fact that he would not sell, except upon the condition that defendant would sell his land to plaintiff and give possession on the first of March following, to which defendant assented, and told plaintiff to go on and make the sale; that plaintiff did make the sale of his land and thereupon went to the defendant and made an agreement

with him, whereby the defendant sold his land to plaintiff for one thousand dollars, twenty-five of which was paid down, the balance to be paid on the first of March, when defendant was to give full possession; that plaintiff completed the transaction with his vendee, and on the first of March tendered to the defendant the balance of the one thousand dollars, and demanded a deed and possession, all of which was refused.

1. The contract being in parol is within the statute of frauds and cannot be enforced, unless upon the ground of part performance. Part payment of the consideration is conceded to be insufficient to take such cases out of the statute. The only other act relied upon in this case is the fact that the plaintiff has performed the contract which he made with his vendee. The petition leads to the conclusion that the sale by the plaintiff was made before the contract in question was consummated. The contract thus performed was not the one in controversy, though ancillary thereto. The law is well settled that the performance of a contract, which is preparatory and ancillary to the one sought to be enforced, is not sufficient part performance to take a parol contract out of the statute of frauds. *Williams v. Morris*, 95 U. S. 444; *Parker v. Heaton*, 55 Ind. 1; Fry on Spec. Per. of Con., secs. 412, 414.

2. Plaintiff in error insists that though he may not be entitled to a specific performance, yet he should be allowed damages for a breach of the contract, and cites *Holland v. Anderson*, 38 Mo. 55, and *Hamilton v. Hamilton*, 59 Mo. 232, which hold that where a court of equity acquires jurisdiction, it will proceed to complete justice between the parties though it consist in awarding damages. Here the plaintiff has no case in equity. He does not fail because of a defect in the defendant's title, nor because defendant has put it out of his power to perform the contract. The ground upon which he fails to have a specific performance is equally fatal to his demand for damages. Affirmed. All concur.