RYAN v. THE PEOPLE.

1. CONSTITUTIONAL LAW.
The sixth amendment to the constitution of the United States is limited
    in its application to trials in federal courts of parties charged with
    a violation of federal laws.
2. SAME.
Our constitution permits, under some circumstances, the taking of a
    deposition on part of the prosecution in a criminal case and its in-
    troduction against the accused upon final trial, but provisions of
    this character must be followed in all substantial particulars, or
    the deposition will not be permitted to be read to the jury.
3. PRACTICE IN CRIMINAL CASES—DEPOSITIONS—NOTICE.
The time and place of taking a deposition in a criminal case must be
    fixed by the magistrate and notice thereof must emanate from that
    officer.
4. SAME—WAIVER.
If, although the notice to take a deposition emanated from one without
    authority, the defendant's counsel appeared and cross-examined the
    witness, all defects in the manner of issuance and service of the
    notice will be considered as waived.
5. EVIDENCE—IMPEACHMENT.
A witness cannot be impeached by showing that he has made state-
    ments at other times inconsistent with his testimony, unless a foun-
    dation be first laid by interrogating him as to whether or not he has
    made such statements.    The fact that his testimony was taken by
    deposition does not change the rule.

*Error to the District Court of Arapahoe County.*

PLAINTIFF in error was tried in the district court of Arap-
ahoe county upon an indictment for the larceny of a check
of the value of $5,000 from one Adam Hjorth. In a second
count he was charged with larceny as bailee. He was con-
victed of the crime of larceny and sentenced accordingly.
To review the judgment, he brings the case here upon writ
of error. The following provisions of the bill of rights of
the state of Colorado, and of the statutes, are referred to in
the opinion :

Article 2, constitution :

" SEC. 16. That in criminal prosecutions the accused shall have the right to appear and defend in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed.

" SEC. 17. That no person shall be imprisoned for the purpose of securing his testimony in any case longer than may be necessary in order to take his deposition. If he can give security he shall be discharged; if he cannot give security, his deposition shall be taken by some judge of the supreme, district or county court, at the earliest time he can attend, at some convenient place by him appointed for that purpose, of which time and place the accused and the attorney prosecuting for the people, shall have reasonable notice. The accused shall have the right to appear in person and by counsel. If he have no counsel, the judge shall assign him one in that behalf only. On the completion of such examination the witness shall be discharged on his own recognizance, entered into before said judge, but such deposition shall not be used, if, in the opinion of the court, the personal attendance of the witness might be procured by the prosecution, or is procured by the accused. No exception shall be taken to such deposition as to matters of form."

Acts of 1889, p. 475 :

" AN ACT TO SECURE THE ATTENDANCE OF WITNESSES IN CRIMINAL CASES, AND TO PROVIDE FOR THE TAKING OF BONDS IN THAT BEHALF, OR FOR TAKING THE DEPOSITIONS OF SUCH WITNESSES.

" SECTION 1. Whenever, in the opinion of the district attorney or the defendant, it is necessary or advisable that the testimony of witnesses on behalf of the state or defendant shall be secured upon the examination of any criminal accusation or indictment, the district attorney or defendant may

give notice to the clerk of the district or county court, who may issue an order to bring before him any such witness, who shall give bond for his appearance as a witness at such trial in the sum of five hundred dollars. If the person so ordered neglects or refuses to appear, or to give bond in the manner required, such magistrate or coroner may issue a warrant of commitment against him, and he shall be confined in the county jail thereunder until his depositions can be taken, as provided by law.

"SEC. 2. In case any person shall be committed to jail under the provisions of the foregoing section, his deposition shall be taken by some judge of the supreme, district or county court within five days, at some convenient place by him appointed for that purpose, of which time and place the accused and the attorney prosecuting for the people shall have reasonable notice. The accused shall have the right to appear in person and by counsel. If he has no counsel, the judge shall assign him one in that behalf only. On the completion of such examination, the witness shall be discharged on his own recognizance, entered into before said judge.

"SEC. 3. Any deposition taken in pursuance of the provisions of this act may be offered and read in evidence upon any trial of the accused upon a criminal charge, wherein the facts testified to in such deposition are relevant or material, and no exception shall be allowed to such deposition as to matters of form; *Provided*, That such deposition shall not be used if, in the opinion of the court, the personal attendance of the witness might be procured by the prosecution or is procured by the accused."

Mr. E. B. CRONKHITE, Mr. O. S. BARTON, Mr. W. H. DAVIS and Mr. MORGAN EDGAR, for plaintiff in error.

THE ATTORNEY GENERAL, Mr. H. T. SALE, Mr. F. P. SECOR and Mr. THOMAS WARD, for the People.

CHIEF JUSTICE HAYT delivered the opinion of the court.

Some months prior to the trial in the district court, but after the indictment was presented in this case, the deposition of one A. S. Dulin was taken at the instance of the prosecution, and allowed to be introduced in evidence over the defendant's objections upon the final trial. Error is assigned upon the ruling of the district court admitting this deposition, and this raises the principal question in the case.

It is claimed by counsel for plaintiff in error that the admission of this deposition was in violation of the sixth amendment to the constitution of the United States, and of the sixteenth section of the bill of rights of the state of Colorado, and that it was taken without reasonable notice to the accused. In so far as the objection to the use of the deposition is based upon the right secured to an accused in criminal prosecutions by the sixth amendment to the constitution of the United States, it is sufficient to say that this clause, as interpreted by the federal courts, is limited in its application to trials in the federal courts of parties charged with a violation of the constitution of the United States or of the laws of congress. *Barron v. Baltimore*, 7 Pet. 243; *Withers v. Buckley*, 20 How. 84; *United States v. Cruikshank*, 92 U. S. 542; *Walker v. Sauvinet*, 92 U. S. 90; *The People v. Fish*, 125 N. Y. 136.

The question may therefore be considered without reference to the constitution of the United States. Coming, then, to the bill of rights of the state of Colorado, we find that the section granting to an accused the right to meet the witnesses against him face to face is immediately followed by a provision permitting the taking of depositions to be used upon the trial, under certain defined limitations. These provisions, being a part of the same instrument, must be construed *in pari materia*, and when so construed no doubt can be entertained that in this state, at least, there is constitutional sanction for the taking of a deposition on the part of the prosecution and the introduction of the same against the accused upon final trial, under some circumstances.

In order to give effect to this constitutional provision, the

legislature of 1889 passed an act entitled " An Act to Secure the Attendance of Witnesses in Criminal Cases, and to Provide for the Taking of Bonds in That Behalf, or for Taking the Depositions of Such Witnesses." This statute, which will be found in the statement preceding this opinion, provides, in the first section, that whenever the district attorney or the defendant deem it necessary or advisable that the testimony of a witness shall be secured, notice may be given to the clerk of the district or county court, who may issue an order to bring before him any such witness. The clerk is also authorized to require the witness to give bond in the sum of $500, and, upon his refusal to do so, the magistrate may issue a warrant of commitment against him, and the witness shall be confined in the county jail thereunder, until his deposition can be taken. Section 2 follows closely the language of section 17 of the bill of rights. It provides that in case any person shall be committed to jail under the provisions of the foregoing section, his deposition shall be taken by some judge of the supreme, district or county court, within five days, at some convenient place by him appointed for that purpose, of which time and place the accused and the attorney prosecuting for the people shall have reasonable notice.

It requires no argument to show that provisions of this character, being an exception to the general rule of evidence in criminal cases requiring the prosecution to confront the accused upon final trial with the witnesses against him, deal with one of the most sacred rights of the individual, and must be followed in all substantial particulars, or' the deposition will not be permitted to be read to the jury. Rice on Evidence, vol. 3, chap. 33 ; *The People v. Morine*, 54 Cal. 575 ; *The People v. Mitchell*, 64 Cal. 85.

It will be noticed that section 1 of the act requires a notice to be given to the clerk by the district attorney or defendant desiring a deposition to be taken, while section 2 prescribes a notice of the time and place to be served upon the accused and the attorney prosecuting for the people, which notice shall be reasonable. We think it is clearly the intention of

these provisions that the time and place should be designated by the magistrate, and that the notice of taking the depositions should emanate from that officer. Certainly the time is to be appointed by the magistrate and the reasonable character of the notice is to be determined by him, and the fact that both the accused and the attorney prosecuting for the people are to be notified of such time and place shows, when read in connection with the context, that the notice must originate with the magistrate. The district attorney, and not the court, fixed both the time and place for taking the deposition, while the only notice served emanated from the district attorney, and was signed by him. It was received by the defendant some time during the 29th, and by it he was advised that the deposition of Dulin would be taken at ten o'clock the next morning, at the district court room in the courthouse of Arapahoe county. The time allowed was very short, and, as we have shown, the district attorney, in fixing the time and place, was acting without authority of law, and the accused was under no obligation to respond to the notice, and, if he or his counsel had not appeared, Dulin's testimony could not have been used against the defendant at the trial.

When the case was originally presented to us, it was made to appear that the defendant's attorney had entered a special appearance for the purpose of protesting against the taking of the deposition, and counsel for the state, as well as the court, overlooked the fact that, although notice was given that counsel desired to appear solely for the purpose of protesting against the taking of the deposition on constitutional grounds, when this protest was overruled he remained and cross-examined the witness fully upon all pertinent points brought out upon the direct examination. It is true the defendant did not appear in person, and it is equally true that the magistrate was without power to compel his attendance, but he elected to stay away and entrust his case to counsel. The counsel selected was among the ablest at this bar, and in every way qualified to protect the interests

of the defendant. He subjected the witness to a searching cross-examination, and had the benefit of that cross-examination before the jury at the final trial. In view of these circumstances, the form and manner of giving notice is immaterial, and we are now clearly of the opinion that the defendant had every benefit that could have accrued to him by the fullest notice, and that he has waived all defects in the manner of the issuance or service of notice upon him. Elliott on Appellate Procedure, secs. 290, 291.

At the trial it was sought to impeach the evidence of the witness Dulin by showing that at other times, before and after his deposition was taken, he had made statements contrary to those contained in the deposition. This offer of proof on the part of the defendant was rejected by the court, for the reason that the proper foundation had not been laid for it, the attention of the witness Dulin while upon the stand not having been called to these alleged contradictory statements, and he having had no opportunity to explain or deny the same. Counsel concede the general rule to be that a witness cannot be impeached by showing that he has made statements at other times inconsistent with his testimony, unless a foundation be first laid by interrogating the witness himself as to whether or not he has made such statements. This rule is of almost universal application. It is founded upon the soundest principles, and supported by the great weight of English and American authority. The reasons given for the rule are that justice requires that the attention of the witness should be first called to the subject, in order that he may explain or deny the alleged contradictory statements, and be given an opportunity upon " a reëxamination to explain the nature, circumstances, meaning and design of what he is proved elsewhere to have said." 1 Greenleaf on Evidence (14th ed.), sec. 462.

This case is urged, however, as falling without the rule, for the reason that the statements claimed to have been made by the witness were made, some of them, after the deposition had been taken, and at a time when it was too late to

lay the foundation for their introduction, while others, although made before, were not known to counsel until after the witness had been examined. Similar claims have been advanced from time to time in other jurisdictions, but the courts have with great unanimity declared against them. The few cases in which a contrary doctrine has been held cannot be considered as sufficient authority to destroy the rule or weaken the force of the principles upon which it is based. "The fact that one party has lost the power of contradicting his adversary's witness is really no greater hardship to him than the fact that his adversary has lost the opportunity of recalling his witness and explaining his testimony would be to him. There is quite as much danger of doing injustice to one party by admitting such testimony as to the other by excluding it. The respective advantages and disadvantages of a relaxation of the rule are so problematical that courts have, with great uniformity, refused to recognize the exception." *Mattox v. United States*, 156 U. S. 237 ; *Stacy et al. v. Graham*, 14 N. Y. 492 ; *Unis et al. v. Charlton's Admr. et al.*, 12 Grat. 484.

The opinion in *Mattox v. United States, supra*, contains an able and exhaustive review of the authorities upon the question. The exception there and here claimed was held to have been rightfully denied in that case, although the defendant was upon trial for a capital offense, which trial resulted in his conviction and sentence. We fully concur with the reasoning of the majority of the court in that case, and hold in this case that the evidence of the witnesses Coryell and Masterson, sought to be introduced for the purpose of showing that the witness Dulin had made statements out of court contradicting or differing from his deposition, was properly rejected, as no foundation had been laid for the introduction of such evidence.

Upon a careful review of the record, we are satisfied that the defendant has had a fair and impartial trial. The verdict is fully warranted by the evidence. The jury were fully and fairly instructed upon the law applicable thereto, and no sufficient reason has been shown why the judgment of the

district court should not be carried out. It will therefore be affirmed, and the prisoner remanded to the custody of the warden of the state penitentiary, in order that he may serve out the unexpired term of his sentence.

*Judgment affirmed.*